Theo GARB, Bella Jungewirth, Sam Lefkowitz, Peter Koppenheim, Judah Weller, Chana Lewkowicz, Samuel Goldin, Karl Diamond, Hala Sobol, Saul Klausner and Goldie Knobel, on behalf of themselves and all others similarly situated, Plaintiffs–Appellants,

v.

REPUBLIC OF POLAND, Ministry of the Treasury of Poland (Ministerstwo Skarbu Panstwa), John Does # 1–100 and Ministry of the Treasury of Poland (Ministerstwo Skarbu Panstwa), Defendants–Appellees.

Dorit Whiteman, Alfons Sperber, Hertha Field, Alice Jay Sussman, Anitta Lea, Robert Weinberger, Rudolf Auspitz, Max Uri, Fritz Uri, Leo Granierer, Sophie Haber, Gertrude Fiala, Harriet Mehl–Rottenberg, Gerda Feldsberg, Alexander–Sandor Fürst, Ernst B. Rivin–Riesenfeld, Lizzy Rapp–Bauer, Ruth Davidovits, Dorothea Winkler, Erich Richard Finsches, Michael Schwarz, Heinz Bischitz, Lottie Meczes–Schwenk, Luge Svoboda, Friederike Herzl, and Robert Klein, Plaintiffs–Appellees,

v.

Republic of Austria, Dorotheum GmbH, a/k/a Dorotheum Auktions–, Versatz–, Und Bankgesellschaft MBH, Österreichische Industrieholding AG, Defendants–Appellants,

Voest–Alpine STAHL AG, VA Technologie AG, Böhler Uddeholm AG, ÖMV AG, Raiffeisen Zentral Österreichische Bank A.G., Steyr–Daimler–Puch AG, a/k/a Steyr Daimler–Puch Spezialfahrzeug AG, a/k/a Steyr Daimler Puch Fahrzeug Technik AG, Uniqa Versicherungen AG, Austrian Doe Corporations 1 to 100, Erste Bank Der Oesterreichischen Sparkassen AG, Defendants.

In re Republic of Austria, Dorotheum GmbH & Co KG, and Österreichische Industrieholding AG, Petitioners.

Dorit Whiteman, Alfons Sperber, Hertha Field, Alice Jay Sussman, Anitta Lea, Robert Weinberger, Rudolf Auspitz, Max Uri, Fritz Uri, Leo Granierer, Sophie Haber, Gertrude Fiala, Harriet Mehl–Rottenberg, Gerda Feldsberg, Alexander–Sandor Fürst, Ernst B. Rivin–Riesenfeld, Lizzy Rapp–Bauer, Ruth Davidovits, Dorothea Winkler, Erich Richard Finsches, Michael Schwarz, Heinz Bischitz, Lottie Meczes–Schwenk, Luge Svoboda, Friederike Herzl, and Robert Klein, Plaintiffs–Respondents,

v.

Republic of Austria, Dorotheum GmbH, a/k/a Dorotheum Auktions–, Versatz–, Und Bankgesellschaft MBH, Österreichische Industrieholding AG, Defendants–Petitioners,

Voest–Alpine STAHL AG, VA Technologie AG, Böhler Uddeholm AG, ÖMV AG, Raiffeisen Zentral Österreichische Bank A.G., Steyr–Daimler–Puch

AG, a/k/a Steyr Daimler–Puch Spezialfahrzeug AG, a/k/a Steyr Daimler Puch Fahrzeug Technik AG, Uniqa Versicherungen AG, Austrian Doe Corporations 1 to 100, Erste Bank Der Oesterreichischen Sparkassen AG, Defendants.

Nos. 02–7844, 02–9361, 02–3087.

United States Court of Appeals, Second Circuit.

Aug. 6, 2003.

Consolidation of (1) appeal in *Garb v. Poland,* No. 02–7844, from June 26, 2002 judgment entered by the United States District Court for the Eastern District of New York (Edward R. Korman, *Chief Judge*) dismissing plaintiffs' claims; (2) appeal in *Whiteman v. Austria,* No. 02–9361, from a discovery order of the United States District Court for the Southern District of New York (Shirley Wohl Kram, Judge); and (3) No. 02–3087, a petition for writ of mandamus filed by several defendants in *Whiteman v. Austria* to compel the United States District Court for the Southern District of New York (Shirley Wohl Kram, Judge) to decide a motion to dismiss. The consolidated appeals present the questions, *inter alia,* whether and on what terms the federal courts have jurisdiction under the Foreign Sovereign Immunities Act of 1976, 28 U.S.C. §§ 1330, 1602–1611, to adjudicate the liability of foreign governments for actions preceding the FSIA's enactment.

Stephen A. Whinston, Berger & Montague, P.C., Philadelphia, PA (Edward W. Millstein, Berger & Montague, P.C., Philadelphia, PA, of counsel) (Edward E. Klein, Klein & Solomon, LLP, New York, NY, of counsel), appearing on behalf of Appellants Garb, et. al.

Gregory S. Coleman (Christian J. Ward, Konrad L. Cailteux, Nina Nagler, of counsel), Weil, Gotshal & Manges LLP, New York, NY, appearing on behalf of Appellants and Petitioners Republic of Austria and Osterreichische Industrieholding AG.

William M. Barron, Alston & Bird LLP, New York, NY, appearing on behalf of Appellant and Petitioner Dorotheum GmbH, for Appellants and Petitioners.

Owen C. Pell (Karen M. Asner, of counsel), White & Case LLP, New York, NY, appearing on behalf of Appellees Republic of Poland, et al.

Jay R. Fialkoff (Philippe Zimmerman, Jayson D. Glassman, of counsel), Moses & Singer LLP, New York, NY, appearing on behalf of Appellees Whiteman, et al.

Bernard W. Nussbaum, Wachtell, Lipton, Rosen & Katz, New York, NY, appearing on behalf of the Hon. Shirley Wohl Kram, United States District Judge, for Appellees and Respondents.

Charles G. Moerdler (James A. Shifren, Joseph E. Strauss, Jeremy S. Rosof, of counsel), Stroock & Stroock & Lavan LLP, New York, NY, appearing on behalf of Amicus Curiae the Austrian Jewish Community.

Douglas Hallward–Driemeier (William H. Taft IV, Jonathan B. Schwartz, Wynne M. Teel, Gregory G. Katsas, Mark B. Stern, of counsel), Department of Justice, Washington, D.C., appearing on behalf of Amicus Curiae United States of America in support of Defendant–Appellant Republic of Austria and Defendant–Appellee Republic of Poland

Charles Chotkowski, Fairfield, CT, Amicus Curiae, for Amici Curiae.

Present: KEARSE, CABRANES, and STRAUB, Circuit Judges.

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and order of the District Courts be and hereby are **VACATED AND REMANDED**, and the petition for writ of mandamus be and hereby is **DENIED.**

Plaintiffs in these consolidated matters are Jews (and their heirs and successors) who seek relief from abuses and deprivations allegedly effected by defendant states and their instrumentalities during and subsequent to World War II.

Plaintiffs in *Garb v. Poland,* No. 02–7844, are Jewish former citizens of Poland who claim that the Polish government wrongfully confiscated their land following World War II pursuant to an official postwar policy encouraging the migration of surviving Jews through the dispossession of Jewish property. Plaintiffs argue that their claims are authorized by two exceptions to sovereign immunity under the FSIA: the "commercial activity" exception, 28 U.S.C. § 1605(a)(2), and the "takings" exception, 28 U.S.C. § 1605(a)(3). The District Court granted defendants' motion to dismiss with respect to both claimed exceptions. *See Garb v. Poland,* 207 F.Supp.2d 16, 33 (E.D.N.Y.2002). Plaintiffs appeal the judgment of the District Court.

In *Whiteman v. Austria,* Nos. 02–9361 and 02–3087, plaintiffs are present and former Jewish citizens and residents of Austria who lost property under the Nazi regime in Austria from 1938 until 1945. They allege the extensive involvement of defendants-appellants in the confiscation and continued ownership of specific property, including works of art recently offered for auction in the United States.

Plaintiffs argue that their claims are authorized under exceptions to the FSIA for "commercial activity," 28 U.S.C. § 1605(a)(2), "takings," 28 U.S.C. § 1605(a)(3), and waiver, 28 U.S.C. § 1605(a)(1). The District Court ordered the parties to engage in limited discovery on the threshold question of jurisdiction. *Whiteman v. Austria,* 00 Civ. 8006, slip op. at 5 (S.D.N.Y. June 10, 2002). The District Court entered a further order denying defendants' application that the Court decide a motion to dismiss prior to requiring them to undergo jurisdictional discovery. *Whiteman v. Austria,* No. 00 Civ. 8006, 2002 WL 31368236, at *8 (S.D.N.Y. Oct. 21, 2002). Defendants appealed the discovery order, No. 02–9361, then filed a petition for writ of mandamus to compel the District Court to decide their motion to dismiss, No. 02–3087.

Each of the instant cases raises the threshold questions whether and on what terms the federal courts have jurisdiction under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602–1611, to adjudicate the liability of sovereign states for conduct occurring prior to the statute's enactment.

Another panel of this Court recently held in *Abrams v. Societe Nationale des Chemins de Fer Francais,* 332 F.3d 173 (2d Cir.2003), that whether the FSIA applies retroactively in a particular case depends on whether such application would have an impermissible "retroactive effect"– that is, whether applying the FSIA would "impair rights a party possessed when he acted, increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." *Id.* at 180–81 (quoting *Landgraf v. USI Film Products,* 511 U.S. 244, 280, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994) (internal quotation marks omitted)). This determina-

tion requires "a commonsense, functional judgment about whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* at 185 (quoting *INS v. St. Cyr*, 533 U.S. 289, 321, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001) (internal quotation marks omitted)). The *Abrams* Court therefore concluded that whether or not the FSIA applied retroactively to alleged offenses that occurred prior to the statute's enactment depended on whether the plaintiffs in a particular case "could have legitimately expected to have their claims adjudicated in the United States prior to the FSIA's enactment." *Id.* at 186. Such a determination requires the District Court to conduct a factual inquiry into the sovereign immunity enjoyed by the particular state—in *Abrams*, France; in the instant cases, Poland and Austria—prior to the enactment of the FSIA. *See id* at 186–87.

As our Court recognized in *Abrams*, the general history of United States policy on sovereign immunity is well established. *See id.* at 176–78. Judicial determinations of jurisdiction over sovereign states prior to the FSIA "usually deferred to the decision of the executive" regarding sovereign immunity, which was often expressed in the form of a "suggestion of immunity" filed by the Department of Justice at the request of the Department of State. *Id.* at 176–77. In this manner, "the executive branch played a prominent role in deciding whether a foreign sovereign was immune from suit in American courts." *Id.* at 176. "Prior to 1952, the United States adhered to the absolute theory of foreign sovereign immunity," but that year the Department of State "announced [a] formal change of policy" to the "restrictive theory of sovereign immunity." *Id.* at 177. Under the new theory, sovereign states retained immunity from claims challenging their "governmental activities," but they no longer enjoyed immunity in United States courts

from "claims arising out of [their] commercial activities." *Id.*

In *Abrams* the Court found that this general history of sovereign immunity was insufficient to support a factual determination of the legitimate expectations of a corporation wholly owned by the French government with respect to sovereign immunity, given the "prominent role" of case-by-case recommendations from the Department of State in sovereign immunity determinations prior to the passage of the FSIA. *See id.* at 176, 186–88. Accordingly, the Court remanded to allow the District Court to undertake a factual inquiry into the Department of State's position prior to the FSIA on sovereign immunity for such an entity. *See id.* at 188.

Faced with this development in the law of the Circuit since we heard oral argument in these matters, we remand for determinations of the Department of State's policy prior to FSIA with respect to sovereign immunity for Poland and Austria in the circumstances presented in each of the instant cases. We note that on remand there exists the possibility that specific evidence of the Department of State's position with respect to a particular country during a given period of time and in the circumstances presented may not exist, and thus that we may generally be forced to rely for such factual determinations on the overarching policies of the Department of State prior to the FSIA, which we acknowledged in *Abrams*. *See id.* at 177 (outlining Department of State policy prior to the FSIA, particularly the Department's "formal change of policy" in 1952 from the "absolute theory" of sovereign immunity to the "restrictive theory" of sovereign immunity). Before so relying, however, we remand to give the parties the opportunity to present particular evidence relevant to the Department of State's position on the sovereign immunity

of the nation whose conduct is in question in their particular cases. We direct the District Courts to invite the participation of the Department of State in developing a record to support their determinations.[1]

Finally, although we remand these cases to two different District Courts, we direct those Courts to coordinate their proceedings as much as possible, insofar as such coordination may avoid duplication of judicial proceedings, hearings, and other efforts by counsel, and otherwise preserve scarce judicial and other resources. We also direct the District Courts to coordinate their proceedings temporally to the extent possible, in order to allow for the continued consolidation of these cases on any future appeals.

For the foregoing reasons, (i) the June 26, 2002 judgment in *Garb v. Poland* entered by the United States District Court for the Eastern District of New York is **VACATED**; the discovery order in *Whiteman v. Austria* of the United States District Court for the Southern District of New York is **VACATED**; the petition by defendants-appellants in *Whiteman v. Austria* for writ of mandamus, No. 02–3087, is **DENIED**; and the causes are **REMANDED** for further proceedings consistent with this order.

---

1. We caution the District Courts that the necessary factual inquiry should be conducted with appropriate attention to separation-of-powers concerns, inasmuch as the conduct of foreign relations is delegated to the political branches, *see generally Am. Ins. Ass'n v. Gar-*

*amendi,* —— U.S. ——, 123 S.Ct. 2374, 2386, 156 L.Ed.2d 376 (2003), and the adjudication of claims that risk significant interference with foreign relations policy may raise justiciability concerns, *see Kadic v. Karadzic,* 70 F.3d 232, 248–49 (2d Cir.1995).